# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KEVIN MCWILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 14 C 3902 |
| v. ) | |
| ) | Judge Jorge L. Alonso |
| CITY OF CHICAGO, SCOTT J. CELANI, ) | |
| JAMES TUCKER, and DAWN HUBBARD, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendants' joint motion to dismiss plaintiff's Second Amended Complaint [88] pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion is granted in part and denied in part. Defendants shall answer by October 5, 2018. Status hearing set for October 10, 2018 at 9:30 a.m.

## BACKGROUND

Plaintiff Kevin McWilliams ("McWilliams") brings this suit against the City of Chicago and Chicago police officers Scott J. Celani, James Tucker, and Dawn Hubbard (the "Defendant Officers"). McWilliams alleges the following facts, which the Court accepts as true for purposes of this motion. On February 21, 2013, McWilliams was in a car that was legally parked and not blocking traffic. (2d Am. Compl. ¶ 10.) He was not engaged in any criminal activity. (*Id.*) The Defendant Officers approached the vehicle and directed McWilliams to exit and submit to a search. (*Id.* ¶¶ 9, 11.) McWilliams was detained as the Defendant Officers conducted a search. (*Id.* ¶ 12.) He was then arrested and transported to a police station. (*Id.* ¶ 14.)

While in custody, McWilliams learned that he would be charged with obstructing traffic, possession of an unlawful weapon, and possession of an automatic firearm. (*Id.* ¶ 17.) One or

more of the Defendant Officers informed the Cook County State's Attorney's Office ("CCSAO")—falsely, according to McWilliams—that there was probable cause to arrest him because he was obstructing traffic and an unlawful weapon was in plain view immediately preceding his arrest. (*Id.* ¶¶ 16, 18.) That same day, one or more of the Defendant Officers prepared a false report reflecting the probable cause for McWilliams's arrest. (*Id.* ¶ 19.) McWilliams spent the night of February 21, 2013, in the Cook County Jail based on this fabricated report. (*Id.* ¶ 24.) The following day, a bond hearing was held, McWilliams posted bond, and he was released from Jail. (*Id.* ¶ 25.)

On February 28, 2013, a probable cause hearing was held, and the Defendant Officers made false statements that were consistent with the false report. (*Id.* ¶ 26.) The judge found that the Defendant Officers had probable cause to arrest McWilliams. (Defs.' Mot. Ex. C, at 8.) McWilliams remained out on bond from February 22, 2013, until September 17, 2013. (2d Am. Compl. ¶ 28.)

On September 17, 2013, McWilliams's bond was revoked based on the previous false statements and based on an additional false claim that McWilliams had violated a court-imposed curfew. (*Id.* ¶ 28.) McWilliams was subsequently remanded to the custody of the Cook County Sheriff. (*Id.* ¶ 29.) He remained in Jail for several months awaiting trial. (*Id.* ¶ 31.)

On February 11, 2014, the judge presiding over McWilliams's case granted a motion to quash McWilliams's February 21, 2013 arrest and suppress all evidence obtained during the arrest after finding that the stop and search were conducted without probable cause. (*Id.* ¶ 32.) On February 14, 2014, the Cook County State's Attorney dismissed all charges against McWilliams via a *nolle prosequi* order. (*Id.* ¶ 33; Count II, ¶ 20.)

**PROCEDURAL HISTORY**

On May 28, 2014, McWilliams, *pro se*, filed his original complaint, in which he named the City of Chicago and the Chicago Police Department as defendants. On December 2, 2015, the Court recruited counsel for McWilliams. On January 29, 2016, McWilliams filed an amended complaint naming the Defendant Officers who were then served on February 1 and 11, 2016. On January 11, 2017, McWilliams's counsel filed a second amended complaint, alleging a fabrication of evidence due process violation under 42 U.S.C. § 1983 (Count I); a state law malicious prosecution claim (Count II); and a state law false imprisonment claim (Count III). Defendants move to dismiss McWilliams's second amended complaint in its entirety.

**STANDARD**

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis omitted). Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts must] accept the

well-pleaded facts in the complaint as true, but [they] 'need[ ] not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)). When ruling on a Rule 12(b)(6) motion, the court considers "the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Cohen v. Am. Sec. Ins. Co.*, 735 F.3d 601, 604 (7th Cir. 2013) (citing *Geinosky v. City of Chicago*, 675 F.3d 743, 745-46 n. 1 (7th Cir. 2012)).

## DISCUSSION

**Statute of Limitations**

*Federal Claim – Fabrication of Evidence Due Process Violation*

McWilliams brings a claim under § 1983, claiming defendants deprived him of his constitutional rights by fabricating evidence in an attempt to establish probable cause for his detention and arrest. Defendants move to dismiss, arguing the claim is barred by the two-year statute of limitations because McWilliams knew that his rights had been violated on February 22, 2013 but waited until January 29, 2016 to name and serve the Defendant Officers. McWilliams agrees that the applicable statute of limitations period for his federal claim is two years but argues that the cause of action did not accrue until the criminal charges were resolved when the case was dismissed on February 14, 2014.

Defendants have the burden to establish that plaintiff's claim is time-barred. *See Ray v. Clements*, 700 F.3d 993, 1006 (7th Cir. 2012) ("[T]he party raising an affirmative defense bears the burden of proof."). If the plaintiff's complaint makes it clear that the statute of limitations has passed, the plaintiff pleads himself out of court and dismissal is appropriate. *Chi. Bldg. Design,*

4

*P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613-14 (7th Cir. 2014). The parties here agree that the applicable statute of limitations period for this claim is two years. *See Wallace v. Kato*, 549 U.S. 384 (2007). Since briefing the motion, the Seventh Circuit resolved a similar dispute in *Manuel v. City of Joliet*, Case No. 14-1581, 2018 WL 4292913 (7th Cir. Sept. 10, 2018), holding that the accrual date for a Fourth Amendment claim involving wrongful detention without probable cause accrues on the day the individual is released from custody.

Like the plaintiff in *Manuel*, McWilliams is challenging the propriety of his time spent in custody. As the Seventh Circuit observed, this type of claim accrues when the complained-of wrong ends. *Id*. at *2. Although McWilliams does not plead precisely when he was released from custody, McWilliams alleges that he remained in jail from October 2013 through at least January 2014. *See* 2d Am. Compl, ¶¶ 31-33. McWilliams filed an amended complaint naming the Defendant Officers on January 29, 2016, which was within the two-year statute of limitations. Accordingly, defendant's motion to dismiss this claim as barred by the statute of limitations is denied.

*State Law Claim – Malicious Prosecution*

McWilliams also brings a state law claim against the Defendant Officers for malicious prosecution. "[A] one-year [statute of limitations] period applies to state-law claims [against local government entities and their employees] that are joined with a § 1983 claim." *Brown v. Zydek*, No. 15 C 01044, 2016 WL 4366592, at *5 (N.D. Ill. Aug. 16, 2016) (quoting *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005)) (internal quotations omitted). Under Illinois law, a malicious prosecution claim accrues when the underlying criminal proceeding terminates in the plaintiff's favor. *Id.* (citing *Ferguson v. City of Chi.*, 820 N.E.2d 455, 459 (Ill. 2004)). "A *nolle prosequi* is a formal entry of record whereby the prosecuting attorney declares that he is unwilling to prosecute

a case." *Mosley v. Legenza*, No. 11 C 08633, 2015 WL 6955489, at *3 (N.D. Ill. Nov. 10, 2015) (internal quotations omitted). "Because nol-prossing terminates the case and returns the matter to the same conditions which existed before prosecution commenced […] it does not toll the statute of limitations." *Ferguson*, 820 N.E.2d at 460.

Defendants argue that McWilliams's malicious prosecution claim is barred by the one-year statute of limitations because the claim accrued on the date that the CCSAO *nolle prossed* the criminal charges on February 14, 2014. McWilliams responds that a *nolle prosequi* order does not trigger the statute of limitations because charges may be refiled until the criminal statute of limitations expires, and, thus, his cause of action for malicious prosecution did not accrue until the three-year criminal statute of limitations had run on February 21, 2016.

Here, the underlying proceedings were terminated in McWilliams's favor when the *nolle prosequi* order was entered on February 14, 2014, and the statute of limitations for his malicious prosecution claim accrued that day. *See Shelton v. Wright*, No. 09 C 06413, 2011 WL 856811, at *3-4 (N.D. Ill. Mar. 9, 2011) (statute of limitations for plaintiff's malicious prosecution claim, based upon criminal charges dismissed via *nolle prosequi*, terminated in plaintiff's favor and thus accrued upon entry of the order). The statute of limitations ran a year later on February 14, 2015.

While McWilliams's amended complaint naming the individual defendants was not filed until after that date, his state law malicious prosecution claim may relate back to his original complaint, which was filed in May 2014 before the statute of limitations ran. "Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading relates back to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541 (2010). "For some time, the Seventh Circuit adhered to what was known as the John Doe rule, which provided that

'relation back on grounds of mistake concerning the identity of the proper party does not apply where the plaintiff simply lacks knowledge of the proper defendant.'" *Clair v. Cook Cty.*, No. 16 C 1334, 2017 WL 1355879, at *3 (N.D. Ill. Apr. 13, 2017) (quoting *Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 596 (7th Cir. 2006)). "After *Krupski,* the 'only two inquiries that the district court is now permitted to make in deciding whether an amended complaint relates back to the date of the original one are, first, whether the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake, would have sued him instead or in addition to suing the named defendant; and second, whether even if so, the delay in the plaintiff's discovering his mistake impaired the new defendant's ability to defend himself.'" *Ayoubi v. Basilone*, No. 14 C 0602, 2016 WL 6962189, at *4 (N.D. Ill. Nov. 28, 2016) (quoting *Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555m 559-60 (7th Cir. 2011)). Accordingly, the Court "limit[s] its inquiry under Rule 15(c)(1)(C)(ii) to what the newly named defendants knew or should have known." *Clair*, 2017 WL 1355879, at *4.

Defendants argue that (1) McWilliams cannot prove what the Defendant Officers knew or should have known when he filed the original complaint and that his complaint lacks any language that foreshadows the Defendant Officers' liability; and (2) McWilliams's delay in naming the Defendant Officers significantly impaired their abilities to defend themselves. The Court disagrees. McWilliams's original complaint refers to acts of the "arresting officers." (*See* Compl. at 4, ECF No. 1.) Moreover, the Court notes that McWilliams's delay in naming the individual officers does not appear to be entirely his fault. McWilliams's original complaint was filed on May 28, 2014. The original screening of the complaint allowing McWilliams to proceed was issued nearly four months later. (*See* September 15, 2014 Order, ECF No. 7.) Nearly four more months went by before the then-presiding judge ordered the U.S. Marshal to serve defendant. (*See*

7

January 9, 2015 Order, ECF No. 8.) After the case was reassigned to this Court later that month, an initial status was held where it became apparent that defendants still had not been served. (*See* March 6, 2015 Order, ECF No. 12.) Given those delays, along with the Court's inability to discern what the Defendant Officers knew or should have known about this lawsuit on the pleadings alone, and because of McWilliams's year-and-a-half long *pro se* status, defendants' motion to dismiss this claim on the basis of timeliness is denied at this time. *See Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 561-62 (7th Cir. 1996) (reversing district court's grant of motion to dismiss and remanding to permit reasonable discovery for identification of individual officers to determine whether they had notice of the action such that would avoid prejudice); *Clair*, 2017 WL 1355879, at *4 (denying motion to dismiss on statute of limitation grounds and stating that it could not determine what the newly added defendants knew or should have known about this lawsuit at that stage of the litigation); *White v. City of Chi.*, 14 C 3720, 2016 WL 4270152, at *17 (N.D. Ill. Aug. 15, 2016) (denying motion to dismiss on statute of limitation grounds because *pro se* plaintiff attempted to identify individual defendant and no other basis existed for defendant to know he would have been named).

*State Law Claim – False Imprisonment*

McWilliams's false imprisonment claim is outside the statute of limitations. The claim accrued on the first day of his imprisonment, February 21, 2013, and ran a year later on February 21, 2014. Even his original complaint, filed on May 28, 2014, was filed outside the statute of limitations. Accordingly, that claim is dismissed. *See Brown*, 2016 WL 4366592, at *5 ("As for false imprisonment, the statute of limitations began to run on the same day, the first day of the alleged false imprisonment."). Nor does any estoppel theory save his claim. McWilliams makes

8

no allegations indicating he was misled by defendants or otherwise was prevented from filing a timely lawsuit.

**Immunity**

In his second amended complaint, McWilliams alleges that the Defendant Officers violated his constitutional rights by preparing false police reports and providing false information to the Cook County State's Attorney and that the false testimony at the pretrial hearings was based upon the fabricated reports. "[F]abricating evidence, including witness testimony, violates a clearly established constitutional right, such that qualified immunity does not shield the manufacturers of such evidence from liability." *Saunders-El v. Rohde*, 778 F.3d 556, 560 (7th Cir. 2015) (citing *Fields v. Wharrie*, 740 F.3d 1107, 1114 (7th Cir. 2014)). McWilliams's second amended complaint alleges a liberty deprivation based upon more than mere false testimony at a court proceeding; he contends that the Defendant Officers prepared false police reports and provided false information to the State's Attorney. (*See* 2d Am. Compl. ¶¶ 18-24.) Accordingly, defendants' motion to dismiss on this basis is denied at this time. *See Fields*, 740 F.3d 1107 (denying motion to dismiss on immunity grounds and stating that qualified immunity does not protect evidence fabricators from their violation of a clearly established constitutional right).

**Failure to State a Claim**

*Federal Claim – Fabrication of Evidence Due Process Violation*

Defendants assert that McWilliams's due process claim fails as a matter of law because he suffered no actionable liberty deprivation because the charges against him were *nolle prossed*, the evidence was never used against him at trial, and he was never convicted of any crime. McWilliams responds that liberty deprivations in fabricated evidence due process claims need not stem from a criminal conviction; pretrial deprivations of liberty are adequate.

9

Since the briefing of this motion, the Supreme Court in *Manuel v. City of Joliet*, 137 S. Ct. 911 (2017) held that claims of unlawful pretrial detention, including claims of pretrial detention based on fabricated evidence, are covered by the Fourth Amendment. 137 S. Ct. 920; *see also Williams v. City of Chicago*, 315 F. Supp. 3d 1060, 1071 (2018). "To bring a claim for violation of the Fourth Amendment per *Manuel*, courts have set forth the following elements: 'the defendant[s] (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor.'" *Williams*, 315 F. Supp. 3d at 1070 (citations omitted). Here, McWilliams has plausibly alleged a violation of the Fourth Amendment based on an unlawful pretrial detention. He alleges that the Defendant Officers fabricated evidence against him, particularly that he was obstructing traffic and was in possession of an unlawful weapon that was in plain view at the time of his arrest, and, later, that he had violated a court-imposed curfew by providing a false address. McWilliams also alleges that the use of this fabricated evidence resulted in his pretrial detention. Further, McWilliams alleges that the criminal proceedings were terminated in his favor. In construing these well-pleaded facts as true and in considering all reasonable inferences in McWilliams's favor, the Court finds that McWilliams has sufficiently alleged a Fourth Amendment claim. Defendant's motion to dismiss on this basis is therefore denied.

*State Claim – Malicious Prosecution*

Defendants argue that McWilliams cannot prove the five requisite elements for a malicious prosecution claim because the Defendant Officers did not commence or continue the proceedings against McWilliams, McWilliams did not suffer damages or any injury, probable cause was found in February 2013 to press charges, and malice cannot be inferred where probable cause exists. McWilliams responds that his second amended complaint alleges a liberty deprivation after being

charged with a crime based on falsified information. McWilliams further argues that defendants' motion exceeds the bounds of Rule 12(b)(6), advancing arguments that cannot be appropriately addressed at this juncture.

To allege a claim for malicious prosecution in Illinois, a plaintiff must show that the defendant brought the underlying charges "maliciously and without probable cause," that the underlying action was terminated in the plaintiff's favor, and that the plaintiff suffered damages. *Cult Awareness Network v. Church of Scientology Int'l*, 685 N.E.2d 1347, 1350 (Ill. 1997). Here, McWilliams adequately alleges that the Defendant Officers caused him to be prosecuted by providing the CCSAO with false reports and by advising the CCSAO that there was probable cause to arrest him. *See Rivera v. Lake Cty.*, 974 F. Supp. 2d 1179, 1191-92 (N.D. Ill. 2016) (denying motion to dismiss and noting allegation that defendants influenced the decision to commence prosecution). Although probable cause was found at the preliminary hearing on February 28, 2013, a motion to quash arrest was granted on February 11, 2014 after a judge found that the arrest and search of McWilliams was conducted without probable cause. McWilliams also alleges that the criminal proceedings were terminated in plaintiff's favor. Accordingly, McWilliams has adequately pleaded a claim for malicious prosecution. *See Smith v. Burge*, 222 F. Supp. 3d 669, 690-92 (N.D. Ill. Nov. 28, 2016) (finding plaintiff adequately alleged all elements of state law malicious prosecution claim). Defendants' motion to dismiss this claim is denied.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss plaintiff's second amended complaint [88] is granted in part and denied in part. Defendants shall answer by October 5, 2018.

Status hearing set for October 10, 2018 at 9:30 a.m.


**SO ORDERED.**                                      **ENTERED: September 17, 2018**

_____
**HON. JORGE ALONSO**
**United States District Judge**